**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROXANNE TORRES,

    Plaintiff - Appellant,

v.

JANICE MADRID; RICHARD
WILLIAMSON,

    Defendants - Appellees.

No. 18-2134
(D.C. No. 1:16-CV-01163-LF-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

This 42 U.S.C. § 1983 excessive-force case is here on remand from the United

States Supreme Court.  In its ruling, the Court addressed the pivotal issue presented in

this case:  Is there a Fourth Amendment seizure when the force used by police to seize a

person fails to terminate that person's flight?

Here, Officers Janice Madrid and Richard Williamson discharged their firearms

into Roxanne Torres's vehicle as she hastily drove away from an apartment complex

where police were executing an arrest warrant.  Although two bullets struck her, she

managed to drive away and was not arrested until the next day.  She later sued the

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officers, claiming they had used excessive force and conspired with one another in doing so.

The district court determined the officers were entitled to summary judgment on the basis of qualified immunity, ruling: "Because the officers did not stop Ms. Torres by shooting at her, there was no seizure, and she cannot prevail on her claims of excessive force. Because there was no seizure, there was no violation of [her] Fourth Amendment rights." Aplt. App. at 269. This court affirmed, finding the matter governed by *Brooks v. Gaenzle*, 614 F.3d 1213 (10th Cir. 2010). *See Torres v. Madrid*, 769 F. App'x 654, 657 (10th Cir. 2019). In *Brooks*, this court held that no Fourth Amendment "seizure can occur unless there is physical touch or a show of authority," and that "such physical touch (or force) *must terminate the suspect's movement*." 614 F.3d at 1223 (emphasis added). Relying on *Brooks*, this court concluded that because Torres had evaded custody after the officers' application of force, there was no seizure and her "excessive-force claims (and the derivative conspiracy claims) fail[ed] as a matter of law." *Torres*, 769 F. App'x at 657.

The Supreme Court granted certiorari and held that "[t]he application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not succeed in subduing the person." *Torres v. Madrid*, 141 S. Ct. 989, 993 (2021). Thus, the Supreme Court overruled *Brooks*. *See id.* at 994. It then concluded "that the officers seized Torres by shooting her with intent to restrain her movement." *Id.* at 1003. As a result, the Court vacated our decision in Torres's case and remanded the matter to this

2

court, "leav[ing] open . . . any questions regarding the reasonableness of the seizure, the damages caused by the seizure, and the officers' entitlement to qualified immunity." *Id*.

Because these questions are best answered in the first instance by the district court, we remand for further proceedings.

<div style="margin-left: 50%;">

Entered for the Court


Mary Beck Briscoe
Circuit Judge

</div>